**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANGELA LAVIGNA,

                              Plaintiff,

          - v -                                        Civ. No. 1:07-CV-949
                                                              (GLS/RFT)

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, *et al.*,

                              Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## ORDER

On April 1, 2009, this Court issued an Order deciding a myriad of discovery

disputes yet reserved decision as to one particular issue.  Dkt. No. 96.  That

outstanding discovery disagreement pertains to Lavigna's Request for Documents No.

70, which sought, "[n]ames and addresses of defendants' employees defendants'

provided disability accommodations at defendants' Ballston Spa Operations Center

from January 1, 2001 to the present."  Dkt. No. 94-3, Ex. B at p 42, State Farms

Responses to Plaintiff's Demand to Produce.[1]  State Farm raised several objections to

this Demand, but in particular that it "seeks documents and information that are not

---

[1] The Court notes that State Farm objected to the form of Demand Request No. 70.  State Farm complained that it was in fact an interrogatory which is improper under FED. R. CIV. P. 34. We note that Lavigna has subsequently fashioned an interrogatory to correct this error, but for the sake of clarity, the Court will refer to this Demand rather than repeat the subsequently constructed interrogatory.

relevant to plaintiff's claims or defendants' defendants, [and] is not reasonably calculated to lead to the discovery of relevant evidence[.]" *Id*. During a Discovery Hearing held on March 31, 2009, the parties vociferously argued their respective position on this Demand. As to whether this Demand would be answered, the linchpin issue became who has the obligation to seek or recommend a particular accommodation. Lavigna contends that the obligation rests with the employer. State Farm argues it is the employee's responsibility to identify the reasonable accommodation. The Court ruled that

> [a] decision as to whether the names and address of all employees who are disabled and received a reasonable accommodation will be disclosed is reserved pending the parties providing the Court with citations as to whether the employer must provide a person who is disabled with a reasonable accommodation without the employee's solicitation, or whether the employer is only obligated to provide the reasonable accommodation upon a specific request from the disabled person. Those case and statutory citations shall be filed with the Court no later than April 2, 2009. Should the Request be granted after the review of the case and statutory citations, the scope of the disclosure will be narrowed as follows: The relevant period shall be January 2004 to October 2006; and, State Farm shall provide the names and addresses of only those disabled employees who sought as a reasonable accommodation part-time employment and/or those who asked for a "sit/stand workstation."

Dkt. No. 96, Order, dated Apr. 1, 2009, at p. 3.

Although the Court sought only the identification of relevant case citations, essentially the parties filed Letter-Memoranda, with exhibits, repeating, in some respects, and further elaborating on their respective position on this matter. Dkt. Nos.

95, Pl.'s Lt.-Mem., dated Mar. 31, 2009, 98, Def.'s Lt.-Mem., dated Apr. 2, 2009, with Attach. 1, & 99, Pl.'s Reply Lt.-Br., dated Apr. 6, 2009.  The Court now turns to the issue at hand - whose obligation is it to seek or recommend reasonable accommodation.

Both parties concur that an answer to our discussion can be found in *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127 (2d Cir. 2008),[2] though they obviously disagree as to the appropriate interpretation of this precedent.  But one point cannot be disputed and that is the Second Circuit in *Brady* took the occasion to clarify the general rule. "Generally, it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed." *Brady*, 531 F.3d at 135 (quoting *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 (2d Cir. 2006)).  Briefly, Brady suffered from cerebral palsy but he did not ask for an accommodation.  The Court then took the opportunity to refine the general rule by stating that the application of this general rule is not warranted, "where the disability is obvious or otherwise known to the employer without notice from the employee."  *Id*.  Noting that "[t]his view is consistent with the statutory and regulatory language," the Circuit held that an

---

[2]   The plaintiff in *Brady v. Wal-Mart Stores, Inc*., 531 F.3d 127 (2d Cir. 2008) brought his action pursuant to American Disabilities Act (ADA), 42 U.S.C. § 1212(b)(5)(A), and the New York State Human Rights Law, N.Y. Exec. L. § 296(3).  In our case, Lavigna initially brought her action pursuant to both the ADA and the Human Rights Law, but only the Human Rights Law cause of action has survived.  *See* Dkt. Nos. 49, Summary Order, dated Aug. 8, 2008, & 54, Oral Argument Tr.

employer has a duty reasonably to accommodate an employee's disability if the disability is obvious - which is to say, if the employer knew or reasonably should have know that the employee was disabled." *Id.*; *Tully-Boone v. North Shore-Long Island Jewish Hosp. Sys.*, 588 F. Supp. 2d 419, 425 (E.D.N.Y. 2008) (subscribing to the legal position that it is unlawful for an employer to refuse to make reasonable accommodations to known physical and mental limitations) (citing *Brady,* 531 F3d at 134)).  What all of this means is that the American with Disabilities Act (ADA) "contemplates that employers will engage in an 'interactive process [with their employees and in that way] work together to assess whether an employee's disability can be reasonably accommodated.'" Brady, 531 F.3d at 135. (quoting *Jackson v. New York State Dep't of Labor*, 205 F.3d 562, 566 (2d Cir. 2000) (quotation and alteration in original)).  In essence, an employer is obligated to engage in the interactive process. *Id.* at 135-36; *Roberts v. AIG Global Inv. Corp.*, 2008 WL 4444004, at *7 (S.D.N.Y. Sept. 30, 2008) (citing *Brady v. Wal-Mart* for the proposition that even though the employee did not tell his employer the precise nature of his disability, a "reasonably jury could conclude that [the employee] requested, and was denied, some form of accommodation for disability").

State Farm stakes the position that *Brady* was deciding solely on ADA law, and since the surviving cause of action in our case is under the New York State Human

Rights Law (NYSHRL), we should look exclusively to its regulatory scheme.  *See* Dkt. No. 98 at p. 2.  We note at issue in *Brady* was both an ADA and New York State Human Rights claim.  Nonetheless, the Court respectfully disagrees with State Farm inasmuch as the seminal law within this Circuit is that the ADA and NYSHRL are analyzed under the same principles of law.  "[A] claim of disability under the New York State Human Rights Law . . . is governed by the same legal standards as govern federal ADA claims. . . . Thus to the extent that [plaintiff] brings a state-law disability-discrimination claim, it survives or fails on the same basis as his ADA claim."[3] *Graves v. Finch Pruyn & Co., Inc*., 457 F.3d at 184 n.3; *Stephens v. Shuttle Assoc. L.L.C.*, 547 F. Supp. 2d 269, 278 (S.D.N.Y. 2008) (finding that they share the same legal standards); *Burton v. Metropolitan Transp. Auth.*, 244 F. Supp. 2d 252, 257 (S.D.N.Y. 2003) (ruling that for the most part, the ADA and the NYSHRL are construed similarly) (citations omitted); *Romanello v. Shiseido Cosmetics Am. Ltd.*, 2002 WL 31190169, at *7 (S.D.N.Y. Sept. 30, 2002) (identifying that they are similar and that "the same standard use to evaluate claims under the ADA also apply to cases involving the NYHRL and NYCHRL"); *Mohamed v. Marriott Int'l, Inc*., 905 F. Supp.

---

[3] A comparison of the vital language in both the federal and state statutes substantiates their similarity.  N.Y. EXEC. L § 296(3) states that "[i]t shall be an unlawful discriminatory practice for an employer . . . [to] refuse[] to provide reasonable accommodation to the **known** disabilities of an employee[,]" while 42 U.S.C. § 12112(b)(5)(A) states a violation, in part, for "not making reasonable accommodation to the **known** physical or mental limitation of an otherwise qualified individual with a disability[.]" (emphasis added).

141, 157 (S.D.N.Y. 1995) (noting that there was no difference between them and the manner and amount of proof required).  Based upon all of the foregoing discussion, the Court must conclude that standards pronounced in *Brady* are applicable here, in all respects, notwithstanding that the surviving cause of action is a NYSHRL claim and not an ADA claim.[4]

When we turn to NYSHRL's rules and regulations, we are able to corroborate that they are indeed consistent with *Brady*.  N.Y. COMP. CODES R & REGS. tit. 9, § 466.11.  To illustrate that point the Court highlights the following provision from the relevant state rules and regulations:

> Circumstances giving rise to the requirement that the employer consider reasonable accommodation, in accordance with the factors set forth in subdivision (b) of this section.  (1) Reasonable accommodation must be considered where the disability and need for accommodation are known to the employer.  (2) Reasonable accommodation must be considered when a qualified applicant or employee with a disability informs the employer of the disability (**if the employer does not already know of its existence**) and requests an accommodation.     (3) Reasonable accommodation must be considered when a current employee with a disability informs the employer of the disability (**if the employer does not already know of its existence**) and requests an accommodation, even if there has been no change in the employee's medical condition.

*Id*. at § 466.11(e) (emphasis added).

It logically flows from these regulations that if an employee is "unsure of what

---

[4]  The ADA claim was dismissed because Lavigna did not exhaust her administrative remedies.  Dkt. No. 54, Transcript (Tr.), dated Aug. 7, 2008 at p. 15; Dkt. No. 49, Summ. Order, dated Aug. 8, 2008.

accommodation to request, the supervisor should assist the employee in an initial consultation." *Id*. at Appendix at pp. 1 & 2. The employee's initial inquiry about accommodation or disability-related performance difficulties put the employer on notice, and triggers the requirement to seek accommodation." *Id*.

Now, we do not disagree with State Farm that New York's rules and regulations, as a general rule, make it a duty of the employee to make the disability and need for accommodation known to the employer. *Id.* at § 466.11(k)(1). But once that disability is known, the employer has the duty to move forward and consider reasonable accommodations. *Id.* at § 466.11(j)(3)&(4). Hence, NYSHRL's rules and regulation are based upon the same principles subsequently pronounced in *Brady v. Wal-Mart Stores, Inc*.

Moreover, State Farm's ADA policy follows the same line of reasoning. To demonstrate that thread of reasoning, the Court mentions the following provisions:

> State Farm Insurance Companies provides reasonable accommodations upon request to persons with disabilities who are employees or job applicants. In general, it is the responsibility of the employee to inform State Farm an accommodation is needed. If unaware of the need, the Company is not obligated to provide an accommodation. However, if the limitations of an otherwise qualified individual with a disability are known (i.e. we are placed on notice of medical restrictions) State Farm may be obligated to make an accommodation.

Dkt. No. 30-25 at p. 1.

Generally, it is the responsibility of the individual (employee or

applicant with a disability to inform State Farm that an accommodation may be needed. However, the individual does not have to specifically request an accommodation. He or she only needs to let their supervisor (employee) or hiring supervisor or the Human Resources Representative (applicant) know that some adjustment or change is needed to do their job or the job they have been offered due to a limitation they possess caused by a medical condition.

*Id*. at p. 2.

Thus we concur with both parties that State Farm's policy is consistent with *Brady*. Both parties have an obligation to trigger the interactive process to determine whether a reasonable accommodation may exist, but should the employee fail to act and yet the disability is known by the employer, the employer must nonetheless take some action.

The parties have argued the facts of this case in considerable detail before this Court and the District Judge. Those facts and reasonable inferences are fiercely debated.[5] However, it is not this Court's responsibility to decide either the veracity or the merits of the case. This Court is not deciding whether Lavigna can prove the elements of her NYSHRL claims, particularly whether State Farm provided her a reasonable accommodation. We are not the arbiter of the facts or even the law to be applied. This Court's primary function is to determine whether Lavigna's Demand for

---

[5] The Court directs the reader's attention to the transcript of the August 7, 2008 Oral Arguments on the Motion and Cross Motion for Summary Judgment, where the factual disputation was explored. Transcript (Tr.) at pp. 6-15, 29-35, & 42. Specifically before the District Judge was the discussion on Lavigna's work station and whether State Farm should have offered a stand-up and sit-down work station. *Id*. at pp. 34 & 35. Many of these same facts and positions were argued before this Court on March 31, 2009.

the names of other employees who may have received a specific reasonable accommodation is relevant and may lead to admissible evidence. To this extent, based upon the record before this Court and the District Judge, it is irrefutable that State Farm knew that Lavigna had back surgery which may have rendered her disabled. The record further indicates that an interactive process was initiated in an effort to identify an accommodation for Lavigna, such as adjusting her chair, provide a document holder and foot rest, and performing an ergonomic review of her workstation. Our inquiry becomes whether discovery should include queries tied to sit/stand workstations and/or granting part-time employment during the disability period.

Here is where State Farm may have missed the point on its own ADA policy, the NYSHRL's rules and regulations, *Brady v. Wal-Mart Stores, Inc*., and *Graves v. Finch Pruyn & Co., Inc*. State Farm's posture is that, considering all that transpired, "it is clear that plaintiff failed to request or make known her need for a sit/stand workstation, or for a full-time part-time position, and that there was obviously no known accommodation that the Company could have made[.]" Dkt. No. 98 at p. 5. Because Lavigna failed in this regard, State Farm asks this Court to deny her requests for the names and addresses of employees who may have sought these specific accommodations. *Id*. The Court is unpersuaded by State Farm's argument for the

very critical reason that neither the rules and regulations, internal policies, and authority from the Second Circuit require an employee to identify a specific accommodation.  The Second Circuit made it abundantly clear in *Graves v. Finch Pruyn & Co., Inc.*, that  an employee does not have to make a request for a specific accommodation in order to trigger the employer's obligation to investigate and determine feasibility, but need only make a request for an accommodation.  457 F.3d at 185 ("To the extent that the district court held against Graves the fact that 'the record is unclear about whether or not Finch [Pruyn] was made aware of [Graves's] request [for more time],' . . . the district court improperly drew inferences in Finch Pruyn's favor."); *see also Roberts v. AIG Global Inv. Corp.*, 2008 WL 4444004, at *7 (S.D.N.Y. Sept. 30, 2008).  More recently, in an effort to refine the roles and responsibilities of employees and employers in ADA cases, the Second Circuit confirmed this notion that a specific request for a specific accommodation is not required to trigger the employer's responsibility to investigate and determine the feasibility of a reasonable accommodation.  *Brady v. Wal-Mart Stores Inc.*, 531 F.3d 127.  In fact Brady did not ask for any reasonable accommodation of any nature and yet the Second Circuit found that the employer had a duty to act because **they knew** of his disability.  And, in any event, if Brady had a duty, that duty was to inform the employer that an accommodation is needed.  *Id*. at 135.

*-10-*

Lastly, and a litigation principle the parties should not ignore, that discovery in federal cases is liberally construed.  Based upon the above discussion, the Court reaches the conclusion that disclosing the names and addresses of employees at State Farm's Ballston Spa Operational Center who sought a sit/stand workstations or part-time employment at full pay during a disability period may be relevant and is calculated to lead to admissible evidence. FED. R. CIV. P. 26.  Therefore, State Farm is directed to provide a response to this Request with that the understanding the relevant period of the inquiry shall be January 2004 to October 2006.  Said response shall be served within thirty (30) days of the filing of this Order.

**IT IS SO ORDERED**.

April 10, 2009
Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge