**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANGELA LAVIGNA,

Plaintiff,

- v -

Civ. No. 1:07-CV-949 (GLS/RFT)

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al.*,

Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## ORDER

As this case winds to an end, there are yet more discovery disputes to resolve. On July 31, 2009, State Farm filed a Letter-Motion seeking a protective order or to strike Lavigna's 42 Requests to Admit. Dkt. No. 122. On August 5, 2009, Lavigna responded to State Farm's Letter-Motion with her Letter-Brief. Dkt. No. 123. Before this issue could be resolved, Plaintiff filed another Letter-Motion seeking a discovery conference to resolve the parties' dispute over State Farm's deposition of Dr. McCormack, Lavigna's treating physician, and Ms. Brenda Breen, Lavigna's occupational therapist/expert. Dkt. No. 125, Def.'s Lt.-Mot., dated Aug. 18, 2009. Pursuant to the Court's direction, on August 21, 2009, Lavigna responded with a Letter-Brief as to that issue. Dkt. No. 126. On September 4, 2009, a Discovery Hearing was held on the record. During the Discovery Hearing, the Court made

several Rulings. Those Rulings are summarized and modified in one respect as follows:

**Plaintiff's Request to Admit**

On March 31, 2009, this Court held a Discovery Hearing, in which, we granted, *inter alia*, Plaintiff permission to serve requests to admit on the Defendant. When Plaintiff wanted further and more substantial verification of State Farm's responses to specific demands for discovery (Doc. Req. No. 34, Supp. Req. Nos. 6 & 8), this Court granted instead a request to admit verifying the accuracy of those responses. Immediately thereafter, the Court issued an Order on April 1, 2009, summarizing the Rulings we made during March 31st Discovery Hearing. Dkt. No. 96. In order to be fair to both parties, this Court expanded the ruling on requests for admission so that the ruling included State Farm by stating that "the parties, if they wish, may serve requests to admit. *Id*. at p. 6.

State Farm appealed the Court's April 1st Order on various grounds, which included the Court's granting of the requests to admit. Dkt. No. 106. While awaiting the Honorable Gary L. Sharpe, United States District Judge's determination of appeal, this Court, in the interim, issued another Discovery Order, dated June 2, 2009, stating, among other things, that "[w]ith exception of those issues currently before Judge Sharpe, which include, *inter alia*, whether Plaintiff would be permitted an opportunity

to serve limited requests foro admissions, and this Court's present Order, no further factual discovery will be allowed." Dkt. No. 119 at p. 3. Shortly thereafter, Judge Sharpe issued an Order denying State Farm's appeal and affirming this Court's April 1, 2009 Order. Dkt. No. 120, Order, dated June 19, 2009. Upon receiving notification of Judge Sharpe's Order, this Court issued yet another Order, dated June 22, 2009. Dkt. No. 121. In terms of the requests to admit issue, this Court wrote, "[r]egarding Plaintiff's request to serve limited number of requests for admissions, to the extent that they have not been served, Plaintiff is directed to serve her requests for admission upon State Farm on or before June 30, 2009." *Id*. at p. 1.

On June 30, 2009, Lavigna served 42 requests for admissions to which State Farm objects. In State Farm's view, Plaintiff's 42 requests for admission did not comply with this Court's instruction for "limited" requests for admission. Lavigna posits that this Court did not limit the number of requests to admit. This Court acknowledges that it failed to define what is meant by limited. What the Court intended was to send a message to the parties not to propound an excessive number of requests to admit.

In light of the Court's failure and the vagaries as to what "limit" means to these parties, and the fact that the parties cannot agree as to what may constitute a reasonable number of requests for admission, the Court will do so now. Accordingly,

each party may serve twenty (20) requests for admissions. On or before September 11, 2009, Lavigna shall identify which 20 of the 42 requests for admission she seeks from State Farm. Lavigna may propound an additional request for admission that pertains to State Farm's court ordered response, which directed it to disclose "the names and address of employees at State Farm's Ballston Spa Operational Center who sought a sit/stand workstations or part-time employment at full pay during [the] disability period[.]" *See* Dkt. No. 103, Order, dated Apr. 10, 2009, at p. 11. State Farm, if it wishes, may serve requests for admission upon Lavigna on or before September 11, 2009. Responses to the parties' requests for admission shall be served on or before October 12, 2009.

With respect to the request for admission that addresses the sit/stand workstation, the Court now modifies the Ruling it made on the record. Initially, Lavigna wanted the Court to allow her to propound another interrogatory as to this issue. During the Hearing, Lavigna represented to the Court that State Farm had qualified its answer to her previous interrogatory by stating that no "full-time" employee at its Ballston Spa Operational Center sought a sit/stand workstation. What Lavigna was seeking was a response that was directed at part-time employees, not full-time employees. State Farm read its answer which appeared to answer the Court's directed response on the issue. Moreover, State Farm's counsel represented, upon

information and belief, that its response satisfied not only the court directed response but was inclusive of both full-time and part-time employees at the Ballston Spa Operational Center, and the Court accepted that response as being satisfactory. However, Lavigna asked this Court that if the requests for admission on this topic is responded to in the affirmative, that is that part-time employees sought and received a sit/stand workstation, then State Farm be directed to provide the names and addresses of those employees. The Court denied that request. Upon further reflection on this matter, if State Farm admits that part-time employees sought and received a sit/stand workstation, that disclosure may be relevant to Lavigna's claims. Accordingly, should State Farm admit that part-time employees at the Ballston Spa Operational Center sought and received a sit/stand workstation during the relevant period, the Court directs State Farm to provide the names of those employees and their corresponding address to Lavigna on or before October 12, 2009.[1]

**Plaintiff's Treating Physician, Dr. McCormack**

A disputation has erupted over Lavigna's treating physician Dr. McCormack's deposition. In addition to being Lavigna's treating physician, he is also one of her

[1] As the Court has noted in the past, and anticipating State Farm's position on this matter, we note its objections to the modification of its previous Ruling.

In the event State Farm may have to disclose these names, the Court is not granting Lavigna permission to depose these part-time employees. It is the Court's intention to bring all discovery to an end on October 23, 2009.

experts. Notwithstanding McCormack's designation as one of Lavigna's experts, State Farm claims that he is a fact witness with regard to treatment notes, factual representations, progress notes, and statements made under the penalties of perjury that he has made to State Farm, State Farm's long term disability carrier, and the Social Security Administration, and, therefore, if deposed, Dr. McCormack is entitled to only the statutory subpoena fee and not a reasonable expert fee. Contrariwise, Lavigna asserts that Dr. McCormack is entitled to a reasonable fee for his prospective testimony, no matter the scope or nature of the inquiry may be.

In a previous Order, based upon Lavigna's representation that Dr. McCormack would be one of her expert witnesses, the Court denied State Farm's request to issue an order compelling Dr. McCormack to be deposed as a fact witness. Dkt. No. 67, Order, dated Dec. 3, 2008. The issue over the timing of Dr. McCormack's testimony and whether he would be deposed as a fact or an expert witness was appealed to Judge Sharpe. By an Order, dated May 7, 2009, Judge Sharpe concluded that this Court's ruling was "neither clearly erroneous, contrary to law, nor an abuse." Dkt. No. 111 at p. 4. However, Judge Sharpe, in footnote one of his decision, wrote,

> State Farm, however, correctly notes that not all testimony from a treating physician should be considered expert testimony entitled to an expert fee. Testimony "that reasonably may be considered to be opinions based upon specialized skill and knowledge that fall within Fed.R.Evid. 702 . . . may properly be characterized as an expert [testimony] and is entitled to a reasonable fee . . ." *Lamere v. New York*

> *State Office of Aging*, 2004 WL 1592669, at *1-2 (N.D.N.Y. 2004). Therefore, whether or not Lavigna's treating physician receives an expert fee, should he actually be deposed, depends on "the substance of the testimony . . . . If the treating physician's testimony is limited to pure observation, as explanation of treatment notes, etc., then the physician may properly be characterized as a fact witness and receive nothing more than the statutory witness fee . . ." *Id.*

*Id*. at pp 4-5, n.1.[2]

And it is this footnote that State Farm primarily relies upon for its claim that Dr. McCormack can be deposed as a fact witness.

This Court opines that it will be virtually impossible to distinguish or delineate Dr. McCormack's factual observations from his professional opinions that he has expressed over the years regarding Lavigna's condition and disability; because they appear to be so intertwined and co-joined, they defy separation. However, the Court will not presume, at this juncture, that State Farm cannot limit Dr. McCormack's deposition to factual observations alone. It will be a fine line for State Farm to tread, and failure to do so may require an evaluation by the Court as to the nature of Dr. McCormack's testimony and the fee.

---

[2] Although it is of no critical moment in this case, this Court does not share Judge Sharpe's view as to how treating physicians should be compensated for their testimony. After surveying cases throughout the country regarding the treatment and compensation of treating physicians, this Court found that there are two equally divided schools of thought on the matter. There are judges that share Judge Sharpe's perspective on the issue and there are others who have found that treating physicians are entitled to a reasonable fee by virtue of their specialized knowledge in all that they professionally do. *Lamere v. New York State Office for the Aging*, 223 F.R.D. 85, 91-94 (N.D.N.Y. 2004). Upon considerable reflection on the dichotomy, this Court found itself within the latter camp. *Id*. at 91.

Whether Judge Sharpe's footnote serves as either dictum or law of the case, or whether this Court disagrees with his analysis on this issue, *see* note 1, as to this case, the Court will abide by Judge Sharpe's instruction on this issue that the determinative factor is the substance of the testimony. Accordingly, for deposition purposes, Dr. McCormack will be treated as a fact witness, unless the nature of the deposition proves otherwise, and he shall only receive, at this juncture, the statutory service fee.

**Ms. Brenda Breen**

Ms. Breen, a vocational occupational therapist, is also being called by Lavigna as an expert witness. Apparently she has submitted an expert report as well. State Farm makes a similar argument that Breen, too, is a fact witness. During the course of Lavigna's treatment, Dr. McCormack referred his patient to Ms. Breen for a functional capacity analysis. After conducting such an analysis, Ms. Breen presented her findings and conclusions to Dr. McCormack. State Farm contends that what Ms. Breen did constituted nothing more than factual observations and has little to do with her specialized knowledge or rendering an opinion. This Court respectfully disagrees with State Farm's contention. In conducting this functional capacity analysis, Ms. Breen applied specialized knowledge outside the ken of the average juror and, in reporting those findings, rendered an opinion. Therefore, Ms. Breen will be deposed as an expert. Further, this Court finds that her hourly rate for testimony of $ 80.00 to

be reasonable and the Court directs State Farm to prepay her a fee for at least three hours of testimony and/or preparation time.

Both McCormack's and Breen's depositions shall be concluded on or before October 23, 2009.

**Location of Dr. McCormack's Deposition**

When the Court thought all issues had been resolved and the Hearing went off the record, an imbroglio exploded regarding where Dr. McCormack would be deposed. That imbroglio was not captured on the record since the stenographer had already left the courtroom. Prior to this flare-up, however, when the matter was on the record, the Court had urged the parties to seriously consider Dr. McCormack's convenience when scheduling and conducting his deposition, which would include holding it at his office. At that moment, there were no objections pronounced and this Court thought that the matter had been settled and the parties had accepted the Court's importune. Yet, when the parties were departing from the courtroom, and this topic was being discussed between them, dissilience eclipsed the courtroom. From what the Court could ascertain, Lavigna suggested that Dr. McCormack's deposition occur in his office, to which State Farms insisted that it take place in its attorney's office. State Farm intends to videotape the deposition.

Unable to get the parties reach an consensus as to the location of Dr.

McCormack's deposition, the Court ruled that Dr. McCormack's deposition will take place at James T. Foley Courthouse, fourth floor, Attorney's Law, 445 Broadway, Albany, New York. That ruling stands.

**Uniform Pretrial Scheduling Order**

To reiterate, responses to requests for admission are due on or before **October 12, 2009.** Dr. McCormack's and Ms. Breen's depositions shall be concluded on or before **October 23, 2009.** Since Lavigna represented that she will not be deposing State Farm's experts, no other discovery is permitted. The final day to file dispositive motions is **December 1, 2009.** All other provisions of the Scheduling Order shall remain in effect. **NO FURTHER EXTENSIONS WILL BE ALLOWED.**

**IT IS SO ORDERED**.

September 8, 2009
Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

R

F

T